ÁNGEL MANUEL GINÉS MELÉNDEZ, ETC., demandantes y recurridos, *v.* AUTORIDAD DE ACUEDUCTOS Y ALCAN-TARILLADOS DE PUERTO RICO, ETC., demandados y recurrentes.

*Número:* 315     *Resuelto:* 15 de noviembre de 1962

*F. Fernández Cuyar, Jesús A. González, Rafael A. González, Alex González y Rafael Martínez Álvarez, Jr.,* abogados de los recurrentes; *Ángel Manuel Ciordia,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Ángel Manuel Ginés Meléndez, conjuntamente con sus padres, demandó a la Autoridad de Acueductos y Alcantarillados de Puerto Rico, reclamándole daños y perjuicios como consecuencia de una caída al tropezar Ginés con un contador de agua instalado por la Autoridad.

Celebrado un juicio en los méritos, el Tribunal Superior dictó sentencia condenando a la demandada a pagar al demandante Ginés, la suma de $8,400 más las costas y $800 para honorarios de abogado. Entre otras, dicho tribunal formuló las siguientes conclusiones de hecho:

"3. Para esa fecha, había instalado por la Autoridad demandada frente a la tienda de Jesús Colón en el Km. 5 H 7 de la carretera que conduce de Manatí a Morovis en el barrio Barahona de Morovis, uno de esos contadores de agua con su tapa, en tal forma que sobresalía del nivel de la superficie de la tierra por siete (7) pulgadas hacia la tienda y cuatro (4) pulgadas hacia la carretera.

"4. Que el día 30 de mayo de 1959, poco antes de media noche, Ángel Manuel Ginés Meléndez—quien salió de un 'florón' con el propósito de desvelarse—fue al negocio de Jesús Colón y se tomó un refresco. En eso, José Rafael Currás—quien estaba ebrio—lo invitó a salir fuera del establecimiento y, una vez allí, trató de agredirlo con una botella. José Rafael Currás se metió al negocio y Ángel Manuel Ginés Meléndez empezó a caminar hacia su automóvil, que tenía estacionado frente a la residencia de Jesús Colón al lado derecho entrando del negocio. Alguien le gritó que tuviese cuidado, que lo iban a herir y Ángel Manuel Ginés Meléndez—que entonces estaba sobre la

acera situada frente al negocio y en el centro de ésta—se viró hacia donde venía José Rafael Currás con una cuchilla en la mano. Ángel Manuel Ginés Meléndez le tiró un puntapié y José Rafael Currás se detuvo. Éste siguió hacia aquél poco a poco y Ángel Rafael Ginés Meléndez comenzó a retroceder hacia su automóvil dándole siempre el frente al agresor. En eso, Ángel Manuel tropezó con la caja del contador que allí mantenía la Autoridad de Acueductos y Alcantarillados, se cayó y recibió la fractura de la pierna derecha."

Sostiene la demandada recurrente que el tribunal sentenciador erró (1) al concluir, como una conclusión de derecho, que fue la negligencia de la parte demandada la causa próxima del accidente, y (2) al no concluir que la violencia física entre el demandante y el señor José Rafael Currás fue una causa interventora que interrumpió la cadena de causas ya que los daños físicos sufridos por el demandante no fueron aquéllos razonablemente anticipados por la parte demandada. ▬

Los errores no fueron cometidos. No hay una regla exacta para determinar cuándo las causas de un accidente son próximas y cuándo son remotas. Cada caso debe ser resuelto tomando en consideración a sus hechos y circunstancias especiales. *Andino v. Central Victoria, Inc.*, 57 D.P.R. 310. La instalación y mantenimiento del contador en la forma ya descrita constituía una condición peligrosa. Cfr. *Ramos v. Carlo*, 85 D.P.R. 353 (1962). Pero la recurrente arguye que la causa próxima del accidente no fue su acto remoto de instalar y mantener el contador sobre el nivel de la tierra sino que lo fue una causa interventora (la agresión de un tercero al recurrido), y que es ésta la causa próxima del accidente. A este efecto argumenta así:

"La causa próxima se define como aquella causa que en una secuencia natural y sin interrupción o sin la intervención de otra causa eficiente e independiente produce el daño por el cual se reclama. (38 *American Jurisprudence*—Sec. 67.) P. 721.

: "Para constituir negligencia cuando dos causas se unen para producir un accidente, los daños deben ser aquellos que bajo las circunstancias pueden haber sido razonablemente anticipados por la parte demandada al momento de tomar la acción que se alega ser el causante. Deben ser una consecuencia razonable y probable del primer agente. (42 L.R.A. (NS) 480.)

"Una causa interventora es aquélla que desaparece un mal anterior como la causa próxima del accidente rompiendo la secuencia entre el mal anterior y los daños sufridos. (66-A.L.R.-1121.)

"En este caso, al intervenir una ocurrencia de tal fuerza, causante como lo fue el conflicto del demandante y su agresor. el acto cometido por la Autoridad de Acueductos y Alcantarillados al instalar la alcantarilla se convirtió en un agente remoto, de los daños que se alegan en la demanda. Es razonable y lógico que la ley requiera responsabilidad de la causa próxima del accidente y no de aquella que se encuentra en una posición remota de los daños alegados. (58-L.R.A.-399.)

"La prueba de la suficiencia de la causa interventora no es el mero hecho de su existencia sino su naturaleza y la manera en que afecta la continuidad de la operación de la primera causa y la única en ella y los daños alegados. (13-A.L.R.-1268.)

"El causante del primer acto negligente fue relevado totalmente de responsabilidad por una causa interventora y eficiente cuando su negligencia fue tan solo una circunstancia de los hechos que dieron ocasión a los daños y no la causa próxima y directa del accidente. (195-S.E.-88.)

"La causa interventora ha de ser independiente, suficiente y adecuada para causar los daños resultantes. (200-E-791.)

"La prueba es la causa interventora. Fue nueva e independiente, actuando de por sí y disipando la causa primera hasta hacerla remota en la cadena de causas aunque ella sirva de condición por la cual fueron posible entre los daños. (27-L.R.A.-583.) (24-L.R.A.-(NS)-978.) (76-L.R.A.-1280.)

"Generalmente han resuelto que cuando las causas son independientes una de la otra ha de considerarse la más cerca como la causa próxima del desastre. (95-U.S.-117.)

: "Fue la pelea en la cual se encontró envuelta la parte demandante la causa próxima de este accidente según se puede inter-

pretar de las decisiones de nuestro más alto Tribunal en los casos (71-D.P.R.-485) y (55-D.P.R.-592)." (Alegato recurrente, págs. 2 y 3.) ■

Una causa interventora, según expone Prosser,([1]) es aquélla que participa activamente en producir el resultado después que ha ocurrido la negligencia u omisión del actor. Ordinariamente un demandado no queda relevado de responsabilidad por una causa interventora que razonablemente pudo ser prevista, ni por una que sea un incidente normal del riesgo creado. Por el contrario, y como principio general, un demandado será relevado de responsabilidad por una causa interventora imprevisible y anormal que produce un resultado que no pudo ser previsto. La regla general en las jurisdicciones americanas es que el mero hecho de que haya un acto de un tercero interventor, no convierte la actuación del actor en una causa remota, si éste pudo o debió haber previsto esta intervención. *United States* v. *White*, 211 F.2d 79; *McEvoy* v. *American Pool Corp.*, 195 P.2d 783; *Nichols* v. *City of Phoenix*, 202 P.2d 201; *Warner* v. *Santa Catalina Island Co.*, 282 P.2d 12; *Atlanta Gas Light Co.* v. *Mills*, 51 S.E.2d 705; *Curtis* v. *Jacobson*, 54 A.2d 520. ■

Como se dice en muchos casos, una fuerza nueva imprevisible rompe la cadena de causalidad. Así, cuando el acto voluntario de una persona responsable se interpone entre la conducta negligente del demandado y el daño sufrido por el demandante, el problema de previsibilidad es el mismo y puede servir de medida para determinar si la conducta del demandado es una de las causas próximas del accidente.([2]) ■

Esta doctrina de la previsibilidad, la hemos seguido en nuestra jurisdicción. *Colón* v. *Shell*, 55 D.P.R. 592; *Baralt et al.* v. *E.L.A.*, 83 D.P.R. 277. ■

Claro está, tendríamos que exonerar de responsabilidad a la demandada si aceptamos su argumento de que a ella "Le

---

([1]) Prosser *On Torts* (2d ed.), pág. 266.
([2]) Véase Harper and James, *The Law of Torts*, T. 2., Sec. 20.5, p. 1134.

era imposible preveer la condición peligrosa en la cual se encontró la parte demandante". Pero la regla de anticipar el riesgo no se limita a que el riesgo preciso o las consecuencias exactas arrostradas debieron ser previstas. Lo esencial es que se tenga el deber de prever en forma general consecuencias de determinada clase. No es defensa alegar que no se pudo prever el curso preciso o toda la extensión de las consecuencias, siendo de esa clase, que como cuestión de hecho, ocurrieron. 2 Harper and James, *The Law of Torts*, pág. 1147.

En *Moore* v. *St. Louis Southwestern Railway Company*, 301 S.W.2d 395, citando el de *Gaines* v. *Property Servicing Co.*, 276 S.W.2d 169, se expone la ley en la siguiente forma:

" . . . . La regla general es que si el demandado es negligente y su negligencia se combina con la de otro o con cualquier otra causa interventora independiente, él es responsable, aunque su negligencia no sea la única negligencia o la única causa próxima y aunque su negligencia no produjera el daño a no ser por la causa interventora independiente. (Citas.) Y la regla es además que si el acto o la omisión inicial es uno cuyas consecuencias naturales, probables y previsibles son la inflicción de un daño, entonces el que ejecutó el acto o incurrió en la negligencia original es responsable, a pesar de que otras causas, condiciones o agencias intervinieron entre su negligencia y el resultado final . . . . ."

En otras palabras, un demandado es responsable si su negligencia es una causa próxima del daño aunque no sea la única causa próxima de tal daño. *Caldwell* v. *St. Louis Public Service Company*, 275 S.W.2d 288; *Boyd* v. *Terminal Railroad Ass'n of St. Louis*, 289 S.W.2d 33.

Se ha sostenido además que la responsabilidad no depende de si en el ejercicio de razonable diligencia, el demandado previó o debió prever, el daño específico reclamado, pero la parte acusada de negligente puede ser responsable de cualquier cosa que después de completado el daño, aparezca ser una consecuencia natural y probable de su acto u omisión.

Es por tanto innecesario que el demandante haya anticipado el daño específico imputádole o que haya anticipado que dicho daño iba a ocurrir en la forma precisa que ocurrió. *Gaines* v. *Property Servicing Company*, supra. De suerte que a la luz de los principios antes expuestos, el punto aquí en discusión no se limita a determinar si la demandada recurrente debió prever que el demandante iba a tropezar con el contador al verse obligado a retroceder para impedir ser agredido por otra persona. Mas bien lo que la demandada venía obligado a prever era que constituyendo la instalación del contador una condición peligrosa, una de las consecuencias de su actuación podía ser que cualquiera persona tropezara con el contador, en circunstancias en que por diversas razones ajenas a su voluntad, se vea imposibilitada de vigilar el sitio donde la demandada había creado una situación peligrosa. En resumen, el acto criminal de Currás no releva de responsabilidad a la demandada por los daños sufridos por el demandante al tropezar con el contador y caerse cuando (1) la demandada negligentemente creó y mantuvo una condición peligrosa al instalar el contador en la forma ya dicha, y (2) la probabilidad de que por alguna razón una persona prudente tropezara con el contador y sufriera daños, y (3) la existencia de la situación peligrosa creada por la demandada, era una causa próxima del daño.

El demandante en este caso no reclamó a la demandada daños por las heridas que le infiriera su agresor sino los que sufrió a consecuencia de la caída al tropezar con el contador. Estimamos que consideradas todas las circunstancias envueltas, procedía la indemnización de tales daños y al así resolverlo actuó correctamente el tribunal sentenciador. *Cf. Matos* v. *Pabón*, 63 D.P.R. 890.

*Se confirmará la sentencia que motiva este recurso.*