CRÍSPULO PEREIRA MOLINA, demandante y recurrido, *v.* PORTO RICAN AND AMERICAN INSURANCE CO. ET AL., demandados y recurrentes.

*Número*: R-65-85 *Resuelto*: 14 de febrero de 1967

*Héctor Martínez Muñoz* y *José Enrique Otero,* abogados de los recurrentes; *Carmelo Ávila Medina* y *Roberto Ávila Rivera,* abogados del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

PER CURIAM: En una acción de daños y perjuicios interpuesta por el menor Críspulo Pereira Molina y su madre doña Carmen Hilda Molina viuda de Pereira contra Porto Rican and American Insurance Company y Caparra Dairy, Inc., el Tribunal Superior dictó sentencia condenando a las demandadas a pagar solidariamente al menor la suma de $7,000 y a su señora madre la de $1,500, más las costas y $600 para honorarios de abogado, luego de formular las siguientes conclusiones de hecho en cuanto a la forma como ocurrió el accidente:

"El día 6 de mayo de 1961, Pablo Gutiérrez Rodríguez trabajaba como chofer de la co-demandada Caparra Dairy, Inc., y conducía un vehículo propiedad de dicha corporación, el cual se utilizaba para repartir leche en la Urbanización Puerto Nuevo de Río Piedras, San Juan, Puerto Rico. El menor Críspulo Pereira Molina se encontraba en el balcón de su casa, en la calle Artico 610 de la Urbanización Puerto Nuevo, y al llegar Pablo Gutiérrez Rodríguez en la guagua que conducía, se paró frente a la residencia donde se encontraba el menor, llamando a este último y entregándole dos litros de leche que iban a ser dejados en dicha residencia. El menor Críspulo Pereira Molina tomó los dos litros de leche, uno en cada mano, y al ir a subir al balcón de su casa usando la escalera que da a dicho balcón, resbaló en el segundo escalón de la misma, cayéndose sobre la escalera y rompiéndose uno de los litros de leche que llevaba dicho menor.

"El menor Críspulo Pereira Molina a la fecha del accidente contaba 6 años de edad y se encontraba cursando el primer grado de escuela elemental.

"Como consecuencia de la caída, dicho menor recibió una herida profunda en forma de 'V' cerca del codo de su mano derecha y perdió mucha sangre. . . .

". . . . . . . .

"Los daños sufridos por el menor Críspulo Pereira Molina y por la señora madre del menor, se debieron única y exclusivamente a la negligencia de Pablo Gutiérrez Rodríguez al entregar a un niño de tierna edad como el demandante, dos botellas de cristal, de un litro cada una, llenas de leche para que dicho menor las entregara a su señora madre."

El menor no quedó con incapacidad física alguna aunque sí con una cicatriz en su brazo.

Señala la parte recurrente que el tribunal de instancia cometió error al resolver que los daños sufridos por el menor se debieron exclusivamente a la negligencia del empleado de la Caparra Dairy, Inc. Aunque señalan la comisión de otros errores, éste resulta ser el fundamental.

 La sentencia recurrida se funda en que el chofer de la Caparra Dairy, Inc., incurrió en negligencia al entregar los dos litros de leche al menor demandante. Nada hay en el récord que demuestre que dicho menor tendría que conducir los litros de leche a través de algún sitio o lugar peligroso para un peatón de su edad. Todo lo que el récord revela es que la caída del menor se debió a que resbaló al pisar una de las losetas del segundo escalón de la escalera que conduce al balcón de su casa. La escalera, según el testimonio de la madre del menor, tiene dos escalones, un descanso y dos escalones más. Es de suponerse que el menor bajaba y subía esas escaleras diariamente pues tenía que asistir a la escuela donde él cursaba el primer grado. Del récord no surge la causa del resbalón. No hay base alguna para concluir que el resbalón fuera causado por el hecho de conducir el menor en sus manos los dos litros de leche, pues no surge de la prueba, como afirman los recurridos, que el menor perdiera el balance y a ello se debiera el resbalón y la caída. En repe-

tidas ocasiones el menor declaró que resbaló al pisar la loseta. Al ser interrogado declaró: "... yo cogí los dos litros y cuando iba subiendo yo las escaleras hacia arriba, al subir el segundo escalón me caí"; "resbalé y me caí", "Yo estaba en el balcón y entonces él me dijo: 'nene toma los litros y súbelos arriba', yo los cogí y en el segundo escalón resbalé y me caí". Se le preguntó que en que resbaló y contestó: "En una loseta, yo estaba tocando el balcón y cuando fui a poner el pie en la loseta me caí."; También declaró: "... y cuando llegaba a la loseta, resbalé y me caí". No hay explicación de la causa del resbalón ni hay base en la prueba para inferir que la causa del resbalón fueron los litros de leche que el menor llevaba en sus manos. La caída sufrida por el menor se debió al resbalón y éste no fue causado por los fracos de leche que el chofer de la Caparra Dairy Inc., le entregó a dicho menor. La entrega de estos frascos de leche al menor, bajo las circunstancias de este caso, no constituye negligencia. De constituir dichos actos negligencia, el hecho de mediar una causa interventora previsible y normal, no hubiera relevado a los demandados recurrentes de responsabilidad. *Vda. de Andino* v. *A.F.F.*, 93 D.P.R. 170 (1966); *Parrilla García* v. *Fuentes Fluviales*, 92 D.P.R. 168 (1965); *Pereira* v. *Estado Libre Asociado*, Sentencia de 30 de septiembre de 1963; *Ginés Meléndez* v. *Autoridad de Acueductos*, 86 D.P.R. 518 (1962). No hay que discutir si en este caso la causa (resbalón) era previsible pues no medió negligencia original por parte de las demandadas pues como ya sabemos, la causa interventora es aquélla que participa activamente en producir el daño después que ha ocurrido la negligencia u omisión del actor. *Ginés Meléndez* v. *Autoridad de Acueductos*, supra.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, y se dictará otra declarando sin lugar la demanda con las costas.*

El Juez Asociado Señor Hernández Matos disintió por voto separado.

—O—

Voto separado del Juez Asociado Señor Hernández Matos

San Juan, Puerto Rico, a 14 de febrero de 1967

Disiento. A la luz de los hechos envueltos siendo pocos daños, creo que lo único justo a nuestro alcance sería la rebaja razonable de la indemnización concedida, la cual estimo un poco alta.

Las frecuentes caídas y resbalones del niño, sin llevar frascos de leche u otras cosas en sus manos, al usar la escalera, y aun la posibilidad de caerse, demuestra lo peligroso que era para ese niño el bajar y subir por tal escalera. Sobre esa situación, poner en manos de un niño dos frascos de cristal, llenos de leche, y obligarlo a subir esa escalera o parte de ella, con un objeto peligroso en tal ocasión y (haciendo un trabajo que correspondía hacer al chofer) era privar al menor de su única defensa contra caídas, o sea el uso de sus manos. A mi juicio la conducta del chofer, en tal caso, constituye negligencia crasa. La sentencia de no haber sido modificada por la cantidad concedida, debió haber sido confirmada en todo.