Avelino Collado, etc., et al., demandantes y recurrentes, *v.* Estado Libre Asociado de Puerto Rico, demandado y recurrido.

Número: R-67-341        Resuelto: 10 de diciembre de 1969

*Athos R. Castro Cros,* abogado de los recurrentes; *Rafael A. Rivera Cruz, Procurador General Interino,* e *Israel Arana Arana, Procurador General Auxiliar,* abogados del recurrido.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

El día 11 de mayo de 1965 el profesor Gerardo Muñoz, maestro de la Escuela Superior Vocacional de Ponce, se encontraba en la cámara de pintar automóviles, situada en el extremo norte del taller de hojalatería y pintura, que es una estructura que mide 80 pies de largo por 60 pies de ancho. Llegó un estudiante, Leslie Morales, a buscar un vehículo que había dejado para reparaciones. El profesor cruzó de un extremo a otro del taller y le entregó las llaves a Morales.

El vehículo de Morales no prendió. En el taller no había un cargador de baterías para estas situaciones. Cuando ello ocurría generalmente se utilizaba un cargador de un garaje de mecánica que hay cerca del plantel, o los estudiantes empujaban el automóvil. Ante esta emergencia, el profesor Muñoz requirió a varios estudiantes, entre quienes se encontraba el demandante Avelino Collado, para que sacara el automóvil de Morales fuera del taller, empujándolo.

Los estudiantes así lo hicieron. Empujaron el carro en el patio de la escuela que tiene inclinación, y el auto comenzó a descender por una bajada. Collado se acostó sobre el baúl del carro mientras éste descendía, por lo cual un conserje de la escuela le gritó advirtiéndole que podía sufrir un accidente. El auto recorrió una distancia de 125 a 150 pies y se detuvo en un lugar cuyas condiciones—especialmente si era llano o inclinado—no se establecieron.[1]

Algunos de los estudiantes se montaron dentro del automóvil estacionado. El demandante se recostó del baúl colocando uno de sus pies sobre el parachoques trasero. Súbitamente, el vehículo comenzó a moverse hacia adelante, "por causas que la prueba no explicó." Collado perdió el equi-

---

[1] No se elevó la transcripción de evidencia al perfeccionarse el recurso. Dependemos exclusivamente de la relación de hechos del tribunal sentenciador.

librio y cayó de espaldas sobre el encintado. Mientras todo esto ocurrió el profesor Muñoz se encontraba dentro del taller.

El conserje y otro estudiante llevaron a Collado a la enfermería de la institución y se le dio primera ayuda. De allí se le trasladó al Hospital de Damas, bajo la atención del neurocirujano Joseph Brinz. Presentaba una pequeña laceración en la región occipital de una pulgada de largo. Se quejaba de dolor de cabeza, sufría mareos y tenía vómitos. El examen radiográfico no reveló fractura. A la observación el doctor Brinz determinó que la pupila del ojo derecho se había agrandado, por lo cual diagnosticó la ocurrencia de un hematoma subdural. Dos días después intervino quirúrgicamente para evacuar el coágulo. Los hallazgos de la trepanación bilateral del cráneo revelaron dos hematomas, uno izquierdo de 5 centímetros cúbicos, y otro derecho de 10 a 15 centímetros cúbicos, que presentaba el inicio de la formación de membranas. Conforme al criterio del neurocirujano el hematoma derecho estaba ligeramente organizado, lo que implicaba un proceso de formación de diez a quince días para llegar a su estado, por lo cual el trauma que lo produjo no pudo haber ocurrido el día 11 de mayo. Con posterioridad al accidente, Avelino, quien para entonces contaba cerca de 18 años de edad, evidenció cambios en su personalidad, tornándose irritable y nervioso, se vio impedido de dedicarse a actividades atléticas, perdió peso, y sufre de frecuentes dolores de cabeza.

El tribunal de instancia declaró sin lugar la demanda. Aunque señaló que el acto de empujar un automóvil no es peligroso *per se* ni envuelve mayores riesgos, indicó que el maestro había faltado a su deber de supervisión al requerir a los estudiantes para que lo hicieran sin estar él presente. Expresó que "La causa legal consistió en altorizar que en horas de clase el estudiante demandante saliera a empujar un carro en el patio de la escuela y fuera de la vigilancia del maestro." Añadió, sin embargo, que la caída se debió a la actuación del demandante, que calificó como "causa interven-

tora imprevisible." Para elaborar este supuesto eximente de responsabilidad, adujo que no era anticipable que una vez detenido el vehículo un estudiante se recostaría del auto y perdería el equilibrio, y que "Difícilmente de haber ejercido su deber de supervisión razonablemente, el maestro [hubiese podido] evitar el accidente."

Acordamos revisar.

En las circunstancias relatadas constituyó error considerar la actuación del demandante como una causa interventora imprevisible. Véanse, *Ginés Meléndez* v. *Autoridad de Acueductos*, 86 D.P.R. 518 (1962); *Restatement of Torts*, § 441; Prosser, *On Torts* (3a. ed.), pág. 309 *et seq.*, Harper y James, *The Law of Torts*, vol. 2, págs. 1141–1146.(2) Si en efecto el demandante observó una conducta reveladora de imprudencia temeraria al colocarse voluntariamente en una situación de peligro, ello conllevaría la reducción de la indemnización a que pudiera tener derecho, Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, pero no exoneraría completamente de responsabilidad al demandado por cualquier negligencia en que pueda haber incurrido, aunque fuera mínima.

Sin embargo, como el objeto de la revisión es la sentencia y no sus fundamentos, precisa determinar si bajo los hechos probados, concurrió algún acto negligente generador de responsabilidad de parte del agente del Estado Libre Asociado. Acertadamente señala el juez a quo que el empujar un automóvil no es una operación peligrosa *per se* para un varón adulto. Extender el deber de supervisión del maestro para cubrir todo peligro imaginable, raya en exigir responsabilidad por consecuencias más allá de las que razonable-

---

(2) Otras opiniones en que hemos considerado la cuestión de causa interventora son *Torres Trumbull* v. *Pesquera,* 97 D.P.R. 338 (1969); *Pabón Escabí* v. *Axtmayer,* 90 D.P.R. 20 (1964); *Cruz Costales* v. *E.L.A.,* 89 D.P.R. 105 (1963); *Colón* v. *Shell Co.* (P.R.) *Ltd.,* 55 D.P.R. 592 (1939).

mente pueden preverse o anticiparse. Véanse, *Rivera Matos* v. *Amador*, 86 D.P.R. 856 (1962); *Rivera* v. *Pueblo*, 76 D.P.R. 404 (1954). Collado, joven de 18 años, estudiante de instrucción vocacional, no requería cuidados especiales, y como se expresa por el tribunal de instancia "difícilmente de haber ejercido su deber de supervisión razonablemente, el maestro pudo evitar el accidente." Dicho llanamente, la actuación del maestro no puede calificarse de negligente. *Cruz Costales* v. *E.L.A.*, 89 D.P.R. 105 (1963), no requiere un resultado contrario, pues allí se indica con particularidad, a la pág. 112, que el grado de cuidado que un maestro debe ejercer varía conforme a la edad de los discípulos.

*Aunque por distintos motivos, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 27 de octubre de 1967.*

Los Jueces Asociados Señores Hernández Matos y Santana Becerra disintieron; el Juez Presidente Señor Negrón Fernández no intervino.