FRANCISCO RAMOS RAMOS, ETC., demandantes y recurridos, *v.* EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente, CONCEPCIÓN PÉREZ PÉREZ, hoy RAMÓN A. RIVERA RIVERA, ETC., interventor.

*Número:* R-70-23     *Resuelto:* 18 de febrero de 1971

*Francisco Ponsa Feliú, Wilson F. Colberg* y *Miguel A. Valldejuli,* abogados del recurrente; *Rodríguez Maduro & Torres Vilá,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Se recurre de la sentencia que condenó al recurrente a pagar al recurrido la suma de $3,000 y a su esposa recurrida $500 por los daños que sufrieron con motivo de una colisión ocurrida entre un vehículo jaula (*patrol*) de la policía y el vehículo conducido por el recurrido.

Las conclusiones de hecho pertinentes del tribunal de instancia, no impugnadas por el recurrente, con respecto a cómo ocurrió el accidente son las siguientes:

"El día 17 de marzo de 1966 el demandante Francisco Ramos Ramos conducía un camión, propiedad de su patrono, por la carretera número 30 en dirección de Humacao hacia Las Piedras.

Al aproximarse al kilómetro 23.4 un vehículo conocido como 'Police Patrol' propiedad del Estado Libre Asociado de Puerto Rico y conducido por el policía Efraín Cartagena Rodríguez, discurría en dirección de Las Piedras hacia Humacao.

Súbitamente, el vehículo mencionado en la determinación que antecede hizo un viraje violento hacia su izquierda, invadió el carril contrario e impactó el camión conducido por el demandante.

En el vehículo de la parte demandada iban dos policías en el asiento delantero y en medio de estos agentes iba sentado un menor de edad que había sido detenido y lo conducían a la Galera de Menores de la Cárcel de Distrito de Humacao. El menor no estaba esposado y súbitamente dicho menor agarró el volante, oprimió el acelerador, tomó el guía en sus manos y lanzó la 'Police Patrol' contra el camión que en esos momentos era conducido por el demandante y que corría en dirección contraria."

Apunta el recurrente que el tribunal de instancia incidió al concluir que:

"1.—El no haber utilizado un vehículo adecuado para la conducción de un preso, unido a la conducta de los agentes en la vigilancia del menor, son las omisiones negligentes que culminan en la ocurrencia del accidente.

La conducta del menor era previsible por los agentes. Han debido preveer que en cualquier momento este menor (18 años), podía cometer cualquier acto impulsivo o violento, como de hecho lo hizo. Lo importante es que se tenga el deber de preveer en forma general consecuencias de determinada clase. No es defensa alegar que no se pudo preveer el curso preciso o toda la extensión de las consecuencias que ocurrieron. *Ginés Meléndez v. Autoridad de Acueductos*, 86 D.P.R. 518.

2. El accidente no ocurrió debido a la negligencia de la parte demandante; los hechos ocurrieron por omisión de la parte demandada y su falta de previsibilidad en una situación que tenía bajo su control."

Arguye el recurrente que no se trata de un acto interventor que unido a uno anterior hace desaparecer a éste; que la conducta del menor que es la que ocasionó el accidente o que inicia la causa próxima del mismo no es una que pudo ser razonablemente anticipada o prevista; que el acto de usar un vehículo no autorizado por la Ley Núm. 97 de 23 de junio de 1955 de por sí no puede dar base a una conclusión de negligencia; que el intentar conectar este hecho a la conducta de los agentes en la vigilancia del menor, por ser hechos tan distantes el uno del otro, para determinar responsabilidad o negligencia es irreal y sólo conduciría a un resultado poco deseable y sano; que, por el contrario, fue razonable colocar al menor en el único asiento del vehículo; que imponer responsabilidad en este caso sería exigirla por consecuencias más allá de las que razonablemente pueden preveerse o anticiparse.

■ A los agentes en cuestión debe imputárseles el conocimiento de que el menor, dadas las circunstancias de este

caso, podría incurrir en una conducta irreflexible, en una acción impulsiva, hija de un juicio inmaduro y que no ejercería la prudencia, atención y discreción de un hombre ordinariamente prudente, especialmente al colocársele en una situación de fácil acceso a los dispositivos que controlan la dirección y velocidad del vehículo. *Torres Trumbull* v. *Pesquera,* 97 D.P.R. 338, 348 (1969); *Hosford* v. *Clark,* 359 S.W.2d 424, 428 (Mo. 1962). Por lo tanto, era su obligación extremar la vigilancia del menor al así colocarlo en el asiento delantero del vehículo. Indudablemente, el agente que se sentó a la derecha del menor, a quien le correspondía ejercer una vigilancia continua del joven, se descuidó de él dando lugar, por su omisión en no mantener bajo continua observación los movimientos del menor, a que éste pudiese agarrar el volante del vehículo, oprimir el acelerador y desviar el vehículo hacia el del recurrido.

■ Los agentes de la policía crearon una situación de peligro por su actuación y omisión que dio lugar o hizo posible el acto intencional e imprudente del menor. Si la posibilidad realizable de que una tercera persona pueda actuar en determinada forma es el riesgo o uno de los riesgos que constituyen la negligencia del actor, tal acto, sea inocente, negligente, intencionalmente torticero o criminal, no impide que el actor sea responsable por el daño causado. *Bessette* v. *Huniston,* 157 A.2d 468, 470 (Vt. 1960); *Herring* v. *Springbrook Packing Company Cooperative,* 299 P.2d 604, 607 (Ore. 1956); *McEvoy* v. *American Pool Corp.,* 195 P.2d 783 (Cal. 1948); Restatement, *Torts,* Sec. 449; Annotation *Negligence—Causation—Foreseeability,* 100 A.L.R.2d 942, 989, 994.

En vista de lo expuesto, *deberá confirmarse la sentencia dictada en este caso por el tribunal de instancia.*