ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARISOL SANTOS DÁVILA<br><br>Parte Recurrida<br><br>v.<br><br>BASILIO PÉREZ NAZARIO, SAMUEL RIVERA BÁEZ, **MUNICIPIO AUTONÓMO DE CEIBA**<br><br>Parte Peticionaria | TA2025CE00565 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Ceiba<br><br>Caso Núm.: CE-202500121<br><br>Sala: 307<br><br>Sobre: Daños |
|---|---|---|

Panel integrado por su presidente, la Jueza Grana Martínez, el Juez Salgado Schwarz, y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de noviembre de 2025.

Compareció ante este Tribunal la parte peticionaria, el Municipio Autónomo de Ceiba (en adelante, el "Municipio de Ceiba" o el "Peticionario"), mediante recurso de *Certiorari* presentado el 6 de octubre de 2025. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, el "TPI"), el 22 de julio de 2025 y notificada el mismo día. A través del aludido dictamen, el TPI declaró "No Ha Lugar" la solicitud de desestimación presentada por la Peticionaria.

Por los fundamentos que expondremos a continuación, se *expide* el recurso de *certiorari* y se *revoca* el dictamen recurrido.

**I.**

El caso ante nuestra consideración inició el 11 de octubre de 2024, con la presentación de una "**Demanda**" de daños y perjuicios por parte de la Sra. Marisol Santos Dávila (en adelante, la "señora Santos Dávila") en contra del Sr. Basilio Pérez Nazario (en adelante, "señor Pérez Nazario" o

"Recurrido") y el Municipio de Ceiba.[1] Alegó ser la Albacea Testamentaria de la finca perteneciente a la sucesión de los herederos de su familia, y que para el año 2019 visitó dicha finca y encontró cuatro (4) portones cerrados con candados en el camino que da acceso esta. Arguyó que los portones habían sido colocados por el señor Pérez Nazario, quien vive en una residencia adyacente al camino municipal. Sostuvo que el señor Pérez Nazario le indicó que el camino en cuestión es propiedad de éste. Añadió que visitó la alcaldía del Municipio de Ceiba para verificar si la información brindada por el señor Pérez Nazario era correcta, donde fue atendida por el señor Díaz Rivera, quien era el Secretario Municipal. Explicó que se realizó una verificación geográfica en el Sistema de Catastro Digital, de la cual surgió que el terreno donde fueron colocados los portones le pertenece al Municipio de Ceiba.

Sostuvo que el 16 de julio de 2020 el señor Díaz Rivera, Secretario Municipal, le proveyó una Certificación, la cual anejó a la "**Demanda**", indicando que el camino vecinal objeto de controversia le pertenece al Municipio de Ceiba, por lo que se le brindó acceso para poder llegar a su propiedad. Añadió que el 3 de junio de 2021 recibió una segunda Certificación cuya información era idéntica a la anterior. De igual manera, adujo que el 14 de febrero de 2022 presentó ante la Sala Municipal del Tribunal de Primera Instancia de Fajardo una moción al amparo de la Ley Núm. 140-1974, según enmendada, conocida como la "Ley sobre Controversias y Estados Provisionales de Derecho", 32 LPRA sec. 2871 *et eq.* En consecuencia, manifestó que el 10 de marzo de 2022 se celebró una vista, en la cual se emitió una *Resolución* que ordenó el archivo del caso por falta de jurisdicción del Tribunal Municipal. A su vez, alegó que el 13 de febrero de 2023 recibió una tercera Certificación de la Oficina de Secretaría Municipal, en la que se acreditó que el camino vecinal le pertenece al Municipio de Ceiba, por lo que nuevamente se le brindó acceso para poder llegar a su propiedad.

---

[1] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 1) SUMAC TPI.

En resumen, la señora Santos Dávila alegó que se reunió con el Alcalde de Ceiba, Hon. Samuel Rivera Báez, con el propósito de explicarle la problemática relacionada con los portones en el camino vecinal y que éste se comprometió a reunirse con el señor Pérez Nazario para resolver la controversia. Adujo que posterior al referido encuentro de ella con el alcalde, le cursó varias comunicaciones sin recibir respuesta, y que el conflicto no se había resuelto. Razonó, entre otros asuntos, que el Gobierno Municipal de Ceiba actuó con dejadez y que la conducta del señor Pérez Nazario fue temeraria, lo cual agravó su condición médica. En vista de lo anterior, le solicitó al TPI que ordenara el pago de una suma no menor de $25,000.00 por concepto de daños económicos y angustias mentales.

Luego de varios trámites procesales, el 29 de enero de 2025, la señora Santos Dávila instó una "**Moción Solicitando Desistimiento con perjuicio**".[2] En esta, adujo que estaría desistiendo única y exclusivamente de la causa de acción de daños y perjuicios contra el Municipio de Ceiba. En consecuencia, el 5 de febrero de 2025, el foro primario emitió una *Sentencia Parcial Enmendada* declarando "Ha Lugar" la referida moción de desistimiento.

Así las cosas, el 7 de febrero de 2025, la señora Santos Dávila presentó una "**Demanda Enmendada**".[3] Entre otros asuntos, añadió la expedición de una orden de m*andamus* e *injunction* en contra del Municipio de Ceiba y el señor Pérez Nazario, respectivamente. En resumen, sostuvo que existe un camino público propiedad del Municipio de Ceiba, que da acceso tanto a su finca como al "Charco Frío" ubicado en el Barrio Río Abajo de dicho ayuntamiento. Manifestó que el señor Pérez Nazario mantiene ilegalmente un negocio en el que cobra por permitir el acceso al "Charco Frío", sin los permisos correspondientes, entre otras irregularidades.

Tras diversas incidencias en el curso del proceso, el 27 de marzo de 2025, el Municipio de Ceiba presentó su "**Contestación Demanda Enmendada**".[4] En síntesis, sostuvo que "[e]n caso de requerirse, se acepta

---

[2] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 29) SUMAC TPI.
[3] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 37) SUMAC TPI.
[4] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 58) SUMAC TPI.

que el río y el cuerpo de agua denominado "Charco Frío" y su zona de servidumbre pública, incluyendo la zona de amortiguamiento, son de dominio público". Asimismo, expuso que "[e]n caso de requerirse, se acepta que los caminos municipales son de dominio público, no pueden tener restricciones de paso y no son objeto de usucapión". A su vez, admitió que la señora Santos Dávila había acudido al Municipio de Ceiba, sin embargo, negó que no se les hubiera brindado respuesta o atención a sus gestiones. Finalmente, razonó que si bien la señora Santos Dávila alegó que el Municipio de Ceiba dejó de actuar conforme a sus obligaciones, ésta no especificó "la ley o el reglamento que se alega fue violentado, por lo que, en el mejor de los casos se estaría ante una situación discrecional del ejecutivo municipal". Por tanto, arguyó que actuó con diligencia en el manejo de la situación y en el cumplimiento de sus deberes ministeriales.

Posteriormente, el 15 de mayo de 2025, el señor Pérez Nazario presentó su "**Contestación a la Demanda Enmendada y Reconvención**".[5] En igual fecha, el señor Pérez Nazario instó una "**Demanda de Coparte contra el Municipio de Ceiba**".[6] En esencia, sostuvo que la respuesta del Municipio de Ceiba a la "**Demanda Enmendada**", en particular la alegación número 3, se apoyó en lo establecido en el Mapa Oficial de la Junta de Planificación "donde se ilustra la finca con un trazado sobrepuesto haciendo la conjetura que dicho trazado constituye el camino municipal". Así pues, arguyó que dicha suposición fue tomada de manera ilegal, unilateral y especulativa. De igual manera, adujo que para que el Municipio de Ceiba pueda establecer que el camino en cuestión es público debe establecerlo "mediante una escritura pública [de cesión a favor] del Municipio, el plano de lotificación o segregación consagrando o dedicando por rotulación el fin público al momento de autorizarse la lotificación o que conste en un Registro del Municipio como camino público". En consecuencia, alegó que la actuación del Municipio de Ceiba reconociendo el camino como si fuera de uso público constituye "taking" o una incautación de su propiedad sin el

---

[5] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 65) SUMAC TPI.
[6] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 66) SUMAC TPI.

debido proceso de ley o indemnización correspondiente. Por tanto, solicitó el pago de una suma no menor de $100,00.00 por concepto de daños, y la cantidad de $45,000.00 en costas, gastos y honorarios de abogado.

El 6 de junio de 2025, el Municipio de Ceiba presentó una "**Moción de Desestimación bajo la Regla 10.2 (1), (2) y (5) de Procedimiento Civil por falta de jurisdicción, o en la alternativa, de un remedio en ley**".[7] En síntesis, argumentó que existe una grave falta insubsanable al no mediar una notificación al alcalde sobre la intención de demandar dentro del término estatuido y con las formalidades que exige la ley. En esta línea, sostuvo que el Artículo 1.051 de la Ley Núm. 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico", 21 LPRA sec. 7001 *et seq.* (en adelante, Código Municipal de 2020), regula, entre otros asuntos, el procedimiento que debe seguir toda persona que interese presentar una reclamación judicial en contra de un municipio por los daños ocasionados por su culpa o negligencia. Arguyó que en ausencia de la notificación previa al alcalde, dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados, el señor Pérez Nazario perdió toda oportunidad de demandar al Municipio de Ceiba. A su vez, alegó que la doctrina de inmunidad soberana impide que se presenten reclamaciones judiciales contra el Estado, a menos que éste consienta a ser demandado. En particular, explicó que el Artículo 1.053 del Código Municipal de 2020 establece que "[n]o estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio: […] (b) En el desempeño de una función de carácter discrecional, aun cuando hubiere abuso de discreción". 21 LPRA sec. 7084. Por consiguiente, razonó que las certificaciones emitidas por el Municipio de Ceiba son de carácter discrecional.

En reacción, el 10 de julio de 2025, el señor Pérez Nazario presentó su "**Oposición a Moción de Desestimación**".[8] En esencia, adujo que la

---

[7] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 71) SUMAC TPI.
[8] *Véase*, Apéndice de *Certiorari*, (Entrada Núm. 77) SUMAC TPI.

demanda de coparte se basa en un cambio de postura de último momento del Municipio de Ceiba, al éste alegar que el camino en controversia es de carácter público, lo cual resulta en una interpretación incorrecta de los mapas y las leyes de planificación. A su vez, alegó que la doctrina establecida concerniente al término de noventa (90) días para notificar, "no es uno de carácter jurisdiccional", sino de "estricto cumplimiento, cuando exista justa causa no imputable al reclamante y se cumpla con propósitos para los cuales se creó la ley. Aun cuando la notificación previa al Estado es requisito de cumplimiento estricto, dicha notificación no alcanza calidad de condición jurisdiccional".

Sostuvo que el planteamiento sobre falta de jurisdicción resultaba acomodaticio, toda vez que la causa de acción generadora de daños al señor Pérez Nazario se concretizó cuando el Municipio de Ceiba asumió una posición distinta a la inicialmente tomada al inicio del presente procedimiento, al reclamar la titularidad sobre el camino en cuestión y expresar que el mismo está destinado a dominio público. Finalmente, afirmó que al presente se cumplen los propósitos de la notificación, por lo que la misma resulta innecesaria y en un acto fútil. Razonó que no existe riesgo de que evidencia alguna se pierda, ya que de ser un camino de dominio público tiene que estar debidamente registrado en los archivos públicos del Municipio o en el Registro de la Autoridad de Carreteras, entre otros.

En virtud de ello, el TPI emitió una *Orden* en la que decretó "No Ha Lugar" a la moción de desestimación presentada por el Peticionario.[9] Insatisfechas, el 31 de julio de 2025, el Municipio de Ceiba presentó una "**Moción de Reconsideración**". Por otro lado, el 4 de septiembre de 2025 el señor Pérez Nazario presentó "**Moción en Cumplimiento de Orden y Oposición a Reconsideración**". En vista de lo anterior, el 4 de septiembre de 2025, el TPI emitió *Orden* mediante la cual denegó la solicitud de reconsideración.[10]

---

[9] Véase, Apéndice de *Certiorari*, (Entrada Núm. 78) SUMAC TPI.
[10] Véase, Apéndice de *Certiorari*, (Entrada Núm. 82) SUMAC TPI.

Inconforme con la determinación del foro primario, el Municipio de Ceiba presentó el recurso que nos ocupa, mediante el cual le imputó la comisión de los siguientes errores:

PRIMERO: Erró el Tribunal de Primera Instancia al denegar la desestimación de la Demanda de Coparte por falta de jurisdicción, a pesar de que el demandante de coparte incumplió con el requisito de notificación previa que exige el Artículo 1.051 del Código Municipal de Puerto Rico, Ley Núm. 107-2020.

SEGUNDO: Erró el Tribunal de Primera Instancia al no reconocer la inmunidad que cobija al Municipio y que impide una reclamación de daños por actuaciones de carácter discrecional, según lo dispuesto en el Artículo 1.053 del Código Municipal de Puerto Rico.

TERCERO: Erró el Tribunal de Primera Instancia al no desestimar la Demanda de Coparte por dejar de exponer una reclamación que justifique la concesión de un remedio, toda vez que la causa de acción se fundamenta en una reclamación de "incautación" o "taking" prematura, hipotética y contraria a derecho.

El 24 de octubre de 2025, el señor Pérez Nazario presentó escrito intitulado "**Causales en Oposición a Expedición Auto *Certiorari***".

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). "[L]a característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 209 (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentariadispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, *supra*.

Dentro de este marco, el análisis del foro apelativo intermedio -al momento de considerar los asuntos planteados mediante el recurso de *certiorari*- no se efectúa en el vacío ni se aparta de otros parámetros.

Rivera *et al.* v. Arcos Dorados *et al.*, *supra*, pág. 209; 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020). Las delimitaciones que imponen estas disposiciones reglamentarias tienen como objetivo intrínseco prevenir la "dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". Mun. Caguas v. JRO Construction, Inc.*,* 201 DPR 703, 712 (2019). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009).

En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores-Jiménez v. Colberg, 173 DPR 843, 865 (2008).

Así pues, conforme a la doctrina reseñada, la Regla 52.1 de Procedimiento Civil, *supra*, vislumbra la obligación de este Tribunal de entender en los méritos de determinaciones interlocutorias relacionadas con mociones dispositivas.

**B.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio; y (6) la falta de una parte indispensable. 32 LPRA Ap. V, R. 10.2.

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428 (2008); Colón v. Lotería, 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, *supra*, "recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda". González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009) (citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 4ta ed., San Juan, Ed. Lexisnexis, 2007, Sec. 2601, pág. 230).

De ahí que, al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, deba ser evaluada de forma crítica. Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al.* v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". Íd.

Ahora bien, si en una moción basada en la Regla 10.2 (5) de Procedimiento Civil, *supra*, se esbozan materias no contenidas en la alegación impugnada —y estas no son excluidas por el tribunal— la moción deberá ser considerada como una solicitud de sentencia sumaria. En consecuencia, estará sujeta a todos los trámites provistos en la Regla 36 de Procedimiento Civil hasta su resolución final. De manera que, todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla. Regla 10.2 de Procedimiento Civil, *supra.*

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo." Rosario Ortíz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-781 (2003). A esos efectos, "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd., pág. 780.

**C.**

Dispone el Artículo 1536 del Código Civil de 2020, en su parte pertinente, que "[la] persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". 31 LPRA sec. 10801. En cuanto a este precepto y su aplicación, se ha establecido que sólo procede la reparación de un daño cuando se demuestren los siguientes elementos indispensables: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión

culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. Inmob. Baleares *et al.* v. Benabe *et al.*, 214 DPR 1109, 1125 (2024); Nieves Díaz v. González Massas, 178 DPR 820, 843 (2010).

En particular, el concepto de daños ha sido definido como "todo menoscabo material o moral causado contraviniendo una norma jurídica, que sufre una persona y del cual haya de responder otra". López v. Porrata Doria, 169 DPR 135, 151 (2006). En esa misma línea doctrinal, se ha establecido que la culpa o negligencia es la falta del debido cuidado que consiste en no anticipar y prever las consecuencias racionales de un acto o la omisión de un acto, que una persona prudente y razonable habría previsto en las mismas circunstancias. Nieves Díaz v. González Massas, *supra*, pág. 844; Rivera v. S.L.G. Díaz, 165 DPR 408, 421 (2005); Toro Aponte v. E.L.A., 142 DPR 464, 473 (1997); Ramos v. Carlo, 85 DPR 353, 358 (1962). Respecto a la relación causal, ésta es un componente imprescindible en una reclamación en daños y perjuicios, ya que "es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico." Rivera v. S.L.G. Díaz, *supra*, pág. 422. Del daño culposo o negligente surge el deber de indemnizar que "presupone nexo causal entre el daño y el hecho que lo origina, pues sólo se han de indemnizar los daños que constituyen una consecuencia del hecho que obliga a la indemnización". López v. Porrata Doria, *supra*, pág. 151.

Esto último se refiere a la teoría de causalidad adecuada que rige en nuestro ordenamiento. De acuerdo a ella, no es causa toda condición sin la cual no se hubiera producido el daño, sino la que ordinariamente lo produce según la experiencia general. Montalvo v. Cruz, 144 DPR 748, 756 (1998). La jurisprudencia ha sostenido que un daño parece ser el resultado natural y probable de un acto negligente, si después del suceso y mirando retroactivamente dicho acto, tal daño aparece como la consecuencia razonable y ordinaria del acto. Torres Trumbull v. Pesquera, 97 DPR 338, 343 (1969); Estremera v. Inmobiliaria RAC, Inc., 109 DPR 852, 856 (1980). El principio de causalidad adecuada requiere que en todo caso de daños y perjuicios el demandante pruebe que la negligencia del demandado fue la

13

que con mayor probabilidad causó el daño sufrido. <u>Parrilla Báez v. Ranger American of P.R.</u>, 133 DPR 263, 270 (1993). De esta forma, un demandado responde en daños si su negligencia por su acción u omisión es la causa próxima del daño, aun cuando no sea la única causa del daño. <u>Velázquez v. Ponce</u>, 113 DPR 39, 45 (1982). Por tanto, la cuestión se reduce a determinar si la ocurrencia del daño era de esperarse en el curso normal de los acontecimientos o si, por el contrario, queda fuera de ese posible cálculo.

**D.**

En lo pertinente, el Art. 1.051 del Código Municipal de Puerto Rico establece la manera de proceder en caso de tener una causa de acción sobre daños y perjuicios contra algún municipio. Así, el referido artículo dispone lo siguiente:

> **Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido.** En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) Forma de entrega y término para hacer la notificación. — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines. **La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados.** Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. […]
>
> (b) **Requisito jurisdiccional. — No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo**. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio

contra el que se presenta la reclamación. 21 LPRA sec. 7082 (énfasis suplido).

En este sentido, el requisito de notificación establecido en la mencionada norma constituye una condición previa indispensable para iniciar cualquier acción judicial en resarcimiento de daños y perjuicios en contra de un municipio. Rivera Fernández v. Mun. Carolina, 190 DPR 196, 206 (2014); Mangual v. Tribunal Superior, 88 DPR 491 (1963). En efecto, dicho requisito persigue varios objetivos de carácter público:

> 1) proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2) desalentar las reclamaciones infundadas; 3) propiciar un pronto arreglo de las mismas; 4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. López v. Autoridad de Carreteras, 133 DPR 243, 249 (1993).

Es importante destacar que el antiguo Artículo 15.003 de la derogada Ley Núm. 81-1991, según enmendada, conocida como la "Ley de Municipios Autónomos de Puerto Rico", contenía una disposición similar al actual Artículo 1.051 del Código Municipal de Puerto Rico. Como breve trasfondo histórico, la Ley Núm. 121-2018, enmendó la Ley Núm. 81-1991, con el propósito de precisar, entre otros asuntos, el carácter jurisdiccional del requisito de notificación al alcalde y que el término para su cumplimiento es uno de caducidad. En particular, la Exposición de Motivos de la Ley Núm. 121-2018 reveló que la variada jurisprudencia interpretativa sobre el Artículo 15.003 basaba sus fundamentos en el historial legislativo de la Ley Núm. 104-1995, según enmendada, conocida como la "Ley de Reclamaciones y Demandas contra el Estado", 32 LPRA sec. 3077 *et seq. Véase*, Exposición de Motivos de la Ley Núm. 121-2018 (2018 [Parte 1] Leyes de Puerto Rico, págs. 993-995).

A tales efectos, la Ley Núm. 121-2018 pretendía clarificar el marco normativo, toda vez que se reconoció jurisprudencialmente diversas situaciones que constituyen "justa causa" y que excusan al reclamante de la

obligación de cumplir con el requisito de notificación establecido en el Artículo 15.003 de la Ley Núm. 81-1991, *supra*. *Véase*, Exposición de Motivos de la Ley Núm. 121-2018. *Véase*, Rivera Fernández v. Mun. Carolina, *supra*; Acevedo v. Mun. De Aguadilla, 153 DPR 788, 798 (2001); Méndez *et. al.* v. Alcalde de Aguadilla, 151 DPR 853 (2000); López v. Autoridad de Carreteras, *supra*; Romero Arroyo v. ELA, 127 DPR 724 (1991); Meléndez Gutiérrez v. E.L.A., 113 DPR 811 (1983).

### III.

En el presente caso, el Municipio de Ceiba nos solicitó que revoquemos la *Orden* del TPI mediante la cual se declaró "No Ha Lugar" la solicitud de desestimación instada por éste. En esencia, el Peticionario señaló como primer error que incidió el foro primario al denegar la desestimación de la "**Demanda de Coparte**" por falta de jurisdicción, a pesar de que el Recurrido incumplió con el requisito de notificación previa que exige el Artículo 1.051 del Código Municipal de Puerto Rico. Le asiste la razón. Veamos.

Del expediente electrónico de SUMAC ante el foro primario se desprende que, para el 17 de octubre de 2024, se emplazó al señor Pérez Nazario, y junto con la "**Demanda**" se anejaron tres Certificaciones emitidas por el Municipio de Ceiba, cuyo texto estableció lo siguiente: "[l]a Sra. Marisol Santos Dávila posee una finca colindante identificada con número de catastros 204-000---2-28 y 204-000-002-06. **La misma tiene un camino vecinal perteneciente al <u>Municipio de Ceiba</u>, por lo que se le brinda el acceso para poder llegar a su propiedad**".

Por otro lado, es la contención del Recurrido que advino en conocimiento de los daños reclamados el 27 de marzo de 2025 mediante la respuesta del Municipio de Ceiba a la "**Demanda Enmendada**". En particular, se refiere a que el Peticionario aceptó "que el río y el cuerpo de agua denominado "Charco Frío" y su zona de servidumbre pública, incluyendo la zona de amortiguamiento, son de dominio público" y que "los caminos municipales son de dominio público, no pueden tener restricciones de paso y no son objeto de usucapión". A su vez, el Recurrido sostuvo que

dichos planteamientos se distinguen de los alegados por el Peticionario al inicio del pleito, por ejemplo, en la solicitud de desestimación de la "**Demanda Enmendada**".[11] En esta, el Peticionario adujo que luego de analizar la controversia albergaba dudas sobre la titularidad de la propiedad en cuestión. En esa línea, el Peticionario sostuvo que "no tiene documento alguno que acredite que la calle hubiese sido cedida a favor de éste, y que la Certificación se basó en información obtenida del Centro de Recaudaciones de Ingresos Municipales y de la creencia de los funcionarios en su carácter público por el uso de este camino desde tiempo inmemorial como camino vecinal para visitar y disfrutar del río que discurre paralelamente a él".

Ahora bien, tal como indicamos anteriormente, el Artículo 1.051 del Código Municipal de Puerto Rico dispone de manera inequívoca que la persona que tenga una reclamación de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, debe presentar una notificación escrita dirigida al alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. 21 LPRA sec. 7082. A su vez, la referida notificación debe presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Íd. **Es menester resaltar que el inciso (b) del precitado artículo establece que la notificación es un requisito jurisdiccional y que sus plazos son de caducidad**. Íd.

En cambio, el señor Pérez Nazario planteó en su "**Oposición a Moción de Desestimación**" y en su alegato en oposición que al presente se cumplen los propósitos de la notificación, por lo que la misma resulta innecesaria. Además, intimó que no existe riesgo de que ningún elemento de prueba se pierda, ya que de ser un camino de dominio público debe estar debidamente registrado. No nos persuaden sus argumentos.

Es evidente pues, que el Recurrido advino en conocimiento de los daños reclamados en la "**Demanda de Coparte**" contra el Municipio de

---

[11] Véase, Apéndice de *Certiorari*, (Entrada Núm. 23) SUMAC TPI.

Ceiba el 17 de octubre de 2024, luego de que se constatara el diligenciamiento del emplazamiento expedido a su nombre y, por consiguiente, de la entrega de copia de la "**Demand**a" con sus anejos, incluyendo las tres certificaciones emitidas por el Municipio de Ceiba en las que se establece claramente que el camino que el Recurrido reclama ser el propietario le pertenecía al ayuntamiento. En otras palabras, fue desde ese momento que el Recurrido advino en conocimiento del presunto daño que alega en la "**Demanda de Coparte**. Esto es, desde ese entonces ocurrió la alegada incautación de su propiedad privada que, según sostiene, le ocasionaron los daños alegados.

En otras palabras, tomando la fecha de la presentación de la "**Demanda de Coparte**" como la de la notificación de la causa de acción, según dispone el Código Municipal de Puerto Rico, queda claro que la misma no se ejercitó dentro de los 90 días desde que el señor Pérez Nazario advino en conocimiento del daño que alegó. En consecuencia, ante la ausencia de tal requisito de notificación al alcalde, respecto a la reclamación de daños y perjuicios, el Recurrido está impedido de presentar reclamación alguna contra el Municipio de Ceiba sobre los hechos del caso de epígrafe. A tenor de lo expresado, reiteramos que el plazo de noventa (90) días establecido en el precitado artículo es uno de caducidad, en contraposición a lo afirmado por el Recurrido quien sostuvo que se trataba de un plazo de cumplimiento estricto. 21 LPRA sec. 7082. Por tanto, se extingue el derecho a la causa de acción con el mero transcurso del tiempo. Arzuaga *et als*. v. Empresas Brunet *et al.*, 211 DPR 803, 818 (2023).

Así pues, evaluada toda la normativa previamente enunciada, concluimos que el primer error señalado por el Peticionario se cometió, toda vez que correspondía la desestimación de la "**Demanda de Coparte**" en su contra ante la falta de jurisdicción del foro recurrido. Nótese que, indistinto de que el Municipio de Ceiba hubiera cambiado sus alegaciones con respecto a la titularidad o naturaleza del uso del bien inmueble en controversia, lo cierto es que los daños que el Recurrido alegó que sufrió, están atados inextricablemente a su alegado derecho de propiedad sobre

ese bien. Por tanto, desde el momento en que advino en conocimiento de las alegaciones consignadas en la "**Demanda**" original (a través de la cual se alegó y anejó documentación de que el Municipio era el titular de dicho predio), fue que surgió o conoció los daños que reclamó en la "**Demanda de Coparte**". Por tanto, ante la inexistencia de documento alguno que constate la notificación al ayuntamiento, procede la desestimación de la "**Demanda de Coparte**" presentada por el Recurrido en contra del Municipio de Ceiba.

En vista de la conclusión a la que arribamos en cuanto al primer señalamiento de error, resulta innecesario atender los méritos del segundo y tercer señalamiento de error.

**IV.**

Por los fundamentos antes expuestos, los cuales hacemos formar parte integral de la presente *Sentencia*, *expedimos* el recurso de *certiorari* y *revocamos* la determinación recurrida. En consecuencia, se desestima, con perjuicio, la causa de acción de daños y perjuicios incoada por el señor Pérez Nazario en contra del Municipio de Ceiba.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones